1
2
3
4
5
6
7

8                   UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  COSTELLO BLACKWELL,                    No. 2:25-cv-0032 CSK P

12                  Petitioner,

13       v.                                ORDER AND FINDINGS &
                                           RECOMMENDATIONS
14  PEOPLE OF THE UNITED STATES OF
    CALIFORNIA,
15
                    Respondent.
16

17

18       Petitioner, a county jail inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Northern District of California. Petitioner paid the filing fee. The case was transferred here and received by this Court on January 3, 2025. (ECF No. 13.) Petitioner challenges his 2021 conviction for the attempted murder of Teiquon Cortez, assault with a firearm, personal use of a firearm during the assault, and discharge of a firearm causing great bodily injury during the attempted murder. (ECF No. 6 at 2, 3, 5, 7.) On March 21, 2025, petitioner filed a motion for stay and abeyance pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005). As discussed below, petitioner's motion for stay should be denied.

I.     EXHAUSTION STANDARDS

       The exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). To waive exhaustion, respondent's counsel must do so

explicitly. 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion cannot be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).  Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996).  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509, 510 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.  Id.

II.     DISCUSSION

Petitioner raises three claims in his petition:  (1) prosecution admitted false testimony about the DNA evidence; (2) the trial court erred when prosecution was allowed to admit evidence about the uncharged murder of Huckaby; and (3) the trial court erred in excluding

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1  evidence Cortez made a statement that contradicted his testimony that Blackwell shot him. (ECF
2  No. 6 at 3-9.) Later, in response to question 10 ("[i]f your petition makes a claim regarding your
3  conviction . . . that you or your attorney did not make on appeal, explain why. . ."), petitioner
4  states that "[i]neffective assistance of counsel is being claimed because his appointed appellate
5  counsel failed to include the claim despite petitioner's request. (Id. at 10.) Petitioner then asks
6  the Court for leave to go back to the appellate court to file his ineffective assistance of trial
7  counsel claim. (Id. at 11.)

Despite petitioner's response to question 10, the Court does not find that petitioner included a separate ineffective assistance of trial counsel in his petition because it is not included in the grounds for relief section of the petition. (ECF No. 6 at 3-9.) Because petitioner has exhausted his state court remedies as to the three claims identified in the petition, the petition is fully exhausted and a motion for stay under Rhines is not available. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). Therefore, petitioner's motion for stay under Rhines should be denied without prejudice. Petitioner now has three options.

*1. Option One*

Petitioner is granted leave to amend to include his putative ineffective assistance of trial counsel claim, and may then renew his motion for stay under Rhines.[2] If petitioner files an amended petition that includes the unexhausted ineffective assistance of trial counsel claim and renews his motion for stay under Rhines, petitioner is advised that in his motion for stay, he must demonstrate (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue are potentially meritorious, and (3) petitioner has been diligent in pursuing relief. Id. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016). Petitioner must satisfy all three factors to request a Rhines stay.

///

---

[2] Petitioner is not required to await final resolution of a motion for stay before returning to state court to properly exhaust his state court remedies as to his putative ineffective assistance of trial counsel claim. In the event that petitioner exhausts any claims in the California Supreme Court prior to this Court's resolution of the pending motion, petitioner is advised to file a notice of exhaustion in this Court.

The Court observes that in the instant motion for stay, petitioner did not address the three factors required under Rhines. (ECF No. 15.) Thus, even if petitioner had filed a petition including an unexhausted claim, he would not be entitled to a stay under Rhines.

Rather than address the three factors required under Rhines, petitioner contends that his 2021 attempted murder conviction case (VCR233205) is related to the 2024[3] murder conviction case (VCR234403) because of overlapping evidence, such as DNA from shell casings, the same witnesses, and overlapping factual circumstances. (Id. at 3-5.) Indeed, Teiquon Cortez was a key witness in VCR234403, and the victim in VCR 233205. (Id. at 5.) Petitioner seeks a stay of the appellate proceedings in case number VCR 233205 until post-trial proceedings in the related case, VCR234403, are completed. (Id. at 5:5-9.) To the extent petitioner seeks an order from this Court staying state court appellate proceedings in VCR 233205, petitioner is advised that federal district courts do not have jurisdiction over state court proceedings. Thus, if petitioner seeks a stay of state court proceedings, he must file his motion for stay in the appropriate state court proceeding.

   *2. Option Two*

As an alternative to a Rhines stay, petitioner may elect to file a motion for stay under Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003). A Kelly stay involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends his petition and reattaches the newly-exhausted claims to the original petition. Id. Here, because petitioner did not include the ineffective assistance of counsel as a separate claim for relief, petitioner would not have to file an amended petition raising only exhausted claims. If he opts to pursue a Kelly stay, he should file a motion for stay under Kelly. A stay under Kelly does not require petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). But petitioner is cautioned that choosing this alternative may

---

[3] Petitioner first claims he was convicted on November 1, 2024. (ECF No. 15 at 1.) Petitioner later claims he was convicted on September 12, 2024. (Id. at 4.)

risk forfeiting consideration of the unexhausted claim in this or any other federal habeas proceeding.  See McCleskey v. Zant, 499 U.S. 467, 488-90 (1991); Rose, 455 U.S. at 520-21; see also 28 U.S.C. § 2244(d)(1) (stating that a one-year period of limitation shall apply to all federal habeas petitions challenging a state court judgment); Rules Governing Section 2254 Cases, Rule 9(b).  The Court declines to address at this time whether such a motion would be appropriate or timely under Mayle v. Felix, 545 U.S. 644, 656-64 (2005).

### 3. Option Three

Petitioner may opt to proceed solely on the three claims set forth in the petition filed May 22, 2024, and identified above.  (ECF No. 6 at 3-9.)

Petitioner is cautioned that failure to respond to these findings and recommendations, or to comply with one of the three options set forth above, will result in this action proceeding on the three claims identified in the May 22, 2024 petition (ECF No. 6 at 3-9), and set forth above.

In accordance with the above, IT IS HEREBY ORDERED that that the Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that:

1. Petitioner's motion for stay and abeyance (ECF No. 15) be denied without prejudice; and

2. Petitioner be granted thirty days to choose one of the following options:

(a) renew the motion for stay under Rhines v. Weber, 544 U.S. 269 (2005), accompanied by an amended petition that includes the unexhausted ineffective assistance of trial counsel claim; or

(b) file a motion for stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003); or

(c) proceed with the petition filed May 22, 2024, choosing to pursue only those three claims identified therein:  (1) prosecution admitted false testimony about the DNA evidence; (2) the trial court erred when prosecution was allowed to admit evidence about the uncharged murder of Huckaby; and (3) the trial court erred in excluding evidence Cortez made a statement that contradicted his testimony that Blackwell shot him. (ECF No. 6 at 3-9).

///

3. Failure to pursue one of these options within thirty days from any order by the district court adopting these findings and recommendations will result in this action proceeding solely on petitioner's three claims identified in the May 22, 2024 petition (ECF No. 6 at 3-9) and set forth herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 31, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/blac0032.fr.sty