UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSTELLO BLACKWELL,<br><br>  Petitioner,<br><br>  v.<br><br>PEOPLE OF THE UNITED STATES OF CALIFORNIA,<br><br>  Respondent. | No. 2:25-cv-0032 DC CSK P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a county jail inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2021 conviction for the attempted murder of Teiquon Cortez, assault with a firearm, personal use of a firearm during the assault, and discharge of a firearm causing great bodily injury during the attempted murder. (ECF No. 6 at 2, 3, 5, 7.) Petitioner's motion for stay and abeyance is before the Court. As discussed below, petitioner's motion should be denied.

I.  PETITIONER'S CLAIMS

In the petition, petitioner claims that the: (1) prosecution admitted false testimony about the DNA evidence; (2) trial court erred when the prosecution was allowed to admit evidence about the uncharged murder of Huckaby; and (3) trial court erred in excluding evidence Cortez made a statement that contradicted his testimony that Blackwell shot him. (Id. at 3-9.)

1

II.     BACKGROUND

In the Solano County Superior Court, Case No. VCR233205, a jury convicted petitioner for the attempted murder of Teiquon Cortez, assault with a firearm, personal use of a firearm during the assault, and discharge of a firearm causing great bodily injury during the attempted murder. (ECF No. 6 at 2, 3, 5, 7.) Petitioner was sentenced on May 17, 2021, to 52 years to life in state prison. (Id. at 2.) Petitioner filed an appeal, and his conviction was affirmed on August 13, 2023. People v. Blackwell, No. A162883 (Cal. 1st App. Dist.).[1] The opinion was modified on August 29, 2023, with no change in the judgment. Id. On September 19, 2023, petitioner filed a petition for review in the California Supreme Court, which was denied on October 25, 2023. People v. Blackwell, No. S281842 (Cal. Sup. Ct.).

On May 15, 2023, petitioner filed a petition for writ of habeas corpus in the state appellate court which was denied on September 29, 2023. In re Costello Blackwell, No. A167797 (Cal. 1st App. Dist.). The state appellate court held that:

> The petition fails to state a prima facie case for relief. (People v. Duvall (1995) 9 Cal. 4th 464, 475 ["If no prima facie case for relief is stated, the court will summarily deny the petition."].) The new DNA evidence that petitioner was 23 times (rather than 825 times) more likely than not a contributor to the DNA mixture found on the bullet casing at the Huckaby murder scene is not substantially material or probative on the issue of whether petitioner shot Teiquon C. (Pen. Code, § 1473, subd. (b).)

Id. On October 3, 2023, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on January 31, 2024, without comment. Blackwell (Costello) on H.C., No. S282080 (Cal. Sup. Ct.).

On June 30, 2025, petitioner filed a second petition for writ of habeas corpus in the state appellate court. In re Costello Blackwell, No. A173647 (Cal. 1st App. Dist.). The petition was denied on July 2, 2025, holding:

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

2

> Petitioner does not demonstrate that he exhausted his habeas corpus remedy in the superior court prior to seeking relief from this court. Accordingly, the petition for writ of habeas corpus is denied without prejudice to being refiled in the Solano County Superior Court. (In re Steele (2004) 32 Cal.4th 682, 692; In re Hillery (1962) 202 Cal. App. 2d 293, 294.) In the event petitioner again seeks habeas relief in this court, the petition shall include documents demonstrating petitioner's exhaustion of his superior court habeas corpus remedy. (People v. Duvall (1995) 9 Cal. 4th 464, 474.)

Id.

Petitioner claims he sustained a second conviction on September 12, 2024, in Solano County Superior Court for second degree murder with enhancements for firearm use, possession of a firearm by a felon, prior strike findings, and a strike for a five-year serous felony prior. (ECF No. 17 at 4 (citing People v. Blackwell, No. VCR234403 (Solano Co.)).) Petitioner claims his motion for retrial in No. VCR234403 is currently pending. (Id. at 6.)

Petitioner filed his petition for writ of habeas corpus in this Court on May 22, 2024.[2] (ECF No. 6.) On March 21, 2025, petitioner filed a motion for stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 277-78 (2005). (ECF No. 15.) On March 31, 2025, this Court issued findings and recommendations, finding that petitioner did not include a separate ineffective assistance of trial counsel claim in his petition because it was not included in the grounds for relief section of the petition (ECF No. 6 at 3-9), and because the petition was fully exhausted, petitioner was not entitled to a stay under Rhines. (ECF Nos. 16 at 3; 18.) This Court outlined the two procedural mechanisms plaintiff could use to seek a stay of these proceedings, and provided plaintiff with three options from which he could choose to proceed. (ECF No. 16 at 3-5.) The district court adopted the findings and recommendations in full. (ECF No. 18.)

On April 22, 2025, petitioner elected the second option, and filed a motion for stay under Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) ("Kelly stay").

III.   EXHAUSTION STANDARDS

The exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by

---

[2] A copy of the unsigned petition was filed on June 3, 2024. (ECF No. 8.)

3

providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see Kelly, 315 F.3d at 1066. The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982) (establishing the total exhaustion rule).

IV. MOTION FOR KELLY STAY

A Kelly stay involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends his petition and reattaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070.

A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts," and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations. King v. Ryan, 564 F.3d 1133, 1141-43 (9th Cir. 2009) (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the Kelly three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing).

V. DISCUSSION

First, petitioner again seeks an order "pausing" California court proceedings in No. VCR233205 pending resolution of post-trial proceedings in No. VCR234403. (ECF No. 17 at 7.) However, the Court previously advised petitioner "that federal district courts do not have

jurisdiction over state court proceedings," and "if petitioner seeks a stay of state court proceedings, he must file his motion for stay in the appropriate state court proceeding." (ECF No. 16 at 4, adopted by ECF No. 18.) Thus, petitioner's motion to stay state court proceedings should be denied. Further, petitioner contends that the two state court proceedings are related because of overlapping evidence, such as DNA from shell casings, the same witnesses, and overlapping factual circumstances. Again, whether or not these two criminal cases proceeding in California courts are related is not a question for this federal court, but must be pursued in state court.

Second, petitioner also seeks consolidation of records from No. VCR234403 into this action. (ECF No. 17 at 7.) Petitioner's request is premature. Whether petitioner is entitled to expand the record pursuant to Rule 7 of the Rules Governing Habeas Cases and Rule 6(b) of the Federal Rules of Civil Procedure is more appropriately addressed after respondent files an answer on the merits of the federal petition.

Third, petitioner requests a Kelly stay to return to state court to exhaust ineffective assistance of counsel claims that were not previously raised. (ECF No. 17 at 5.) In his motion, petitioner did not identify the specific ineffective assistance of counsel claims he intends to pursue in state court. (Id., passim.) In the petition, petitioner set forth his explanation to his appellate counsel that petitioner wanted to pursue an ineffective assistance of trial counsel claim based on trial counsel's failure to properly address the jury's misbelief that petitioner had confessed to the crime. (ECF No. 6 at 11.) That is petitioner's sole reference to a putative ineffective assistance of counsel claim.

A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

      For purposes of calculating the limitations period in this case, § 2244(d)(1)(A) applies. The petition for review filed in the California Supreme Court was denied on October 25, 2023, and petitioner had ninety days to file a petition for writ of certiorari in the United States Supreme Court, or January 23, 2024. Petitioner did not file a petition for writ of certiorari in the Supreme Court. See U.S. Sup. Ct. Docket Search, https://www.supremecourt.gov/ docket/docket.aspx (search for "Blackwell" with "Costello" yielded no relevant results) (last visited Oct. 19, 2025). Thus, the statute of limitations period began to run the next day, January 24, 2024. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). The federal statute of limitations period expired on January 24, 2025.

    B. Relation-Back

      Because the federal limitations period has expired, plaintiff may be granted a Kelly stay to return to state court to exhaust a new claim only if the unexhausted claim relates back to one of the three exhausted claims pending in the instant petition.

      A new claim does not "relate back" to an existing claim simply because it arises from "the same trial, conviction or sentence." Mayle, 545 U.S. at 646. A new claim relates back to an existing claim if the two claims share a "common core of operative facts." Id. Claims share a common core of operative facts if the litigant "will rely on the same evidence to prove each claim." Williams v. Boeing Co., 517 F.3d 1120, 1133 (9th Cir. 2008). A new claim "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for

6

relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650; see King, 564 F.3d. at 1141-42. If the newly-exhausted claim is not timely under the AEDPA or the relation-back doctrine, it may not be added to the existing petition. See, e.g., Stein v. Dir. of Corr., 2009 WL 4755727, at *2 (E.D. Cal. Dec. 8, 2009) (denying stay motion governed by Kelly procedure where any amended petition based on unexhausted claims would not be timely); Rodriguez v. Small, 2009 WL 3763531, at *2 (E. D. Cal. Nov. 9, 2009) (denying stay motion governed by Kelly procedure where currently unexhausted claims were time barred).

Here, petitioner's new ineffective assistance of counsel claim is not based on any of the core operative facts supporting the three claims pending in this action: (1) admission of false testimony about the DNA evidence; (2) the admission of evidence about the uncharged murder of Huckaby; and (3) the trial court excluded evidence Cortez made a statement that contradicted his testimony that Blackwell shot him. (ECF No. 6 at 3-9.) Instead, petitioner intends to pursue an ineffective assistance of counsel claim based on the jury's alleged misbelief that petitioner had confessed. Petitioner's new claim is based on facts that differ both in time and type from those in the petition and therefore do not relate back. Petitioner is not entitled to a Kelly stay to return to state court to exhaust an ineffective assistance of counsel claim based on the jury's alleged misbelief that petitioner had confessed because the facts underlying such claim would not relate back to any of the three exhausted claims pending in the instant petition.

VI. CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for stay and abeyance under Kelly (ECF No. 17) be denied, and

2. This case be referred back to the undersigned for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

1  objections within the specified time may waive the right to appeal the District Court's order.
2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4  Dated: October 21, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7  /1/blac0032.K.sty